SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 AVENUE OF THE STARS, SUITE 200N
LOS ANGELES, CALIFORNIA 90067
———
TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(213) 687-5382
DIRECT FAX
(213) 621-5382
EMAIL ADDRESS
PETER.MORRISON@SKADDEN.COM

August 8, 2025

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

      RE:    **Appellants' Response to Appellee's August 5, 2025 Rule 28(j) Letter in <u>*Jaeger v. Zillow Group, Inc., et al.*</u>, No. 24-6605**

Dear Ms. Dwyer:

      The Third Circuit's 2-1, unpublished decision in *SDCERA v. Johnson & Johnson*, No. 24-1409, 2025 WL 2176586 (July 30, 2025), further demonstrates that the district court's class certification order should be reversed.

      ***First***, both the majority and dissenting opinions recognized that the *Goldman* mismatch standard for assessing price impact in inflation maintenance cases is "distinct from loss causation," *id.* at *3 n.5 (majority opinion), and "'requires a closer fit (even if not precise) between the front- and back-end statements'" than is necessary to plead loss causation. *Id.* at *6 n.4 (Chung, J., dissenting). That is the opposite of what Plaintiff argues to this Court, and only highlights the district court's legal error in assessing

Molly C. Dwyer
August 8, 2025
Page 2

price impact under the pleading standard for loss causation, rather than *Goldman*'s mismatch standard.

***Second***, while the *SDCERA* majority acknowledged that "disclosures based on public information may nevertheless communicate a new signal to the market ***in certain situations***," *id.* at *3 (emphasis added), simply repeating information already in the market cannot show price impact. *Conn. Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1173-74 (9th Cir. 2011). Contrary to Plaintiff's argument, Zillow's inability to accurately predict home prices had been widely reported and discussed by financial analysts and press without any stock price reaction *before* the purported back-end corrective disclosures that repeated that information. 2-ER-218-20. As Plaintiff's own expert admits, such sources "facilitate the dissemination of new information to investors and any corresponding price reaction in a company's securities." 4-ER-603. Thus, Plaintiff's purported back-end disclosures could not communicate any "new signal to the market."

***Third***, as Judge Chung correctly observed in her dissent, a district court is "required" under *Goldman* to "assess evidence introduced by [defendants] showing that the disclosures did not contain newly public information and were not corrective," and this remains the case "even when a class certification question 'overlaps with' a merits question." *SDCERA*, 2025 WL 2176586, at *5, *9. This supports Zillow's argument that the district court contravened *Goldman* by dismissing relevant evidence because it "goes to loss causation and the merits." 1-ER-16.

Respectfully submitted,

*/s/ Peter B. Morrison*
Peter B. Morrison
*Attorneys for Defendants-Appellants*

cc: Counsel of Record (via CM/ECF)

Molly C. Dwyer
August 8, 2025
Page 3

## **CERTIFICATION OF COMPLIANCE**

The filer attests that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j). The body of the letter contains 344 words.

DATED: August 8, 2025

                                                 */s/ Peter B. Morrison*
                                                  Peter B. Morrison
                                *Attorneys for Defendants-Appellants*